FILED

2004 MAR 12 P 3: 53

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JUNE ELLIS and MATHconx, LLC | CASE NO.: 3:01CV1275 (AVC) |
|---|---|
| v. | |
| WILLIAM P. BERLINGHOFF | MARCH 12, 2004 |

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBITS

Pursuant to paragraph 9 of the Pretrial Order entered in this case on June 17, 2002, the Plaintiffs hereby offer the following authorities in support of their objections to the Defendant's exhibits. The Plaintiffs have objected to 22 of the Defendant's exhibits based on one or more of the following objections: hearsay; no authentication or identification; inadmissible expert opinion. The Plaintiffs offer the following legal authority in support of these objections:

1. Hearsay:

Rule 802 of the Federal Rules of Evidence provides that "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Each of the following of the Defendant's exhibits contains inadmissible hearsay: Exhibit Nos. 9, 19, 21, 24, 25, 27, 28, 30, 31, 34, 36, 38, 40, 41, 42, 43, 46, 47, 48, 50, and 57.

2. <u>No Authentication or Identification</u>:

Rule 901(a) of the Federal Rules of Evidence recognizes that authentication or identification is a condition precedent to admissibility. This condition is satisfied under Rule 901(a) when the proponent shows "that the matter in question is what its proponent claims." The Plaintiffs believe that the Defendant will be unable to lay a proper foundation through authentication and identification for the following exhibits: Exhibit Nos. 9, 19, 24, 36, 38, 42, 43, 47, and 57.

3. <u>Inadmissible Expert Opinion</u>:

Rule 701 of the Federal Rules of Evidence prohibits lay witnesses from offering opinions which are based on "scientific, technical or other specialized knowledge within the scope of Rule 702." Rule 702 recognizes that only "a witness qualified as an expert by knowledge, skill, experience, training, or education" may testify as to "scientific, technical, or other specialized knowledge." The Plaintiffs believe that the following two (2) exhibits contain information, the presentation of which requires a qualified expert witness: Exhibit Nos. 24 and 57. The Defendant has disclosed no expert witnesses in this case. Accordingly, the information contained in these documents should be excluded as inadmissible expert testimony.

COHN BIRNBAUM & SHEA P.C. • *ATTORNEYS AT LAW* • 100 PEARL STREET • HARTFORD, CT 06103-4500 • (860) 493-2200 • JURIS NO. 10163

THE PLAINTIFFS,
JUNE ELLIS and MATHconx, LLC

By: _____
Thomas W. Witherington
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, CT 06103
Telephone: (860) 493-2200
Facsimile: (860) 727-0361
E-mail: twitherington@cb-shea.com
Federal Bar No. ct05711

3

## CERTIFICATION

I hereby certify that on March 12, 2004, a copy of the foregoing was sent via First Class mail, postage prepaid, to the following:

Catherine A. Mohan, Esq.
McCarter & English, LLP
CityPlace I
185 Asylum Street, 36th Floor
Hartford CT 06103-3495

_____
Thomas W. Witherington

TWW/fmb/123062v1   18008-007

**COHN BIRNBAUM & SHEA P.C.** • *ATTORNEYS AT LAW*   • 100 PEARL STREET   • HARTFORD, CT 06103-4500 •  (860) 493-2200 •  JURIS NO. 10163